

ORDERED in the Southern District of Florida on August 30, 2012.

_____
A. Jay Cristol, Judge
United States Bankruptcy Court

---

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

In re:                                                                    Case No. 11-38159-BKC-AJC

Phillipe Charles Brooks and                                Chapter 13
Jolie Melinda Brooks,

    Debtors.
_____/

Caresource, Inc., Trustee
Under the Emilienne N. Brooks
Irrevocable Trust Agreement,

    Plaintiff,                                                       Adv. No. 12-1071-BKC-AJC-A

vs.

Phillipe Charles Brooks and
Jolie Melinda Brooks,

    Defendants.
_____/

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE came before the Court on August 7, 2012 at 2:00 p.m. in Miami, Florida, upon *Defendants' Motion to Dismiss Plaintiff's Complaint* (the "Motion to Dismiss") [ECF No. 20] and the response filed by Plaintiff, Caresource, Inc., Trustee under the Emilienne N. Brooks Irrevocable Trust Agreement (the "Response") [ECF No. 24]. The Court, having reviewed the Motion to Dismiss, and the Response and having considered argument of counsel, denies relief.

## *Procedural Background*

1. Phillipe and Jolie Brooks (the "Debtors") filed a joint petition for Chapter 13 bankruptcy on October 11, 2011 (the "Petition Date").

2. Plaintiff commenced this adversary proceeding by filing a complaint (the "Complaint") on January, 23, 2012, objecting to the dischargeability of the debt owed to the Plaintiff [ECF No. 1].

3. The Complaint contains three causes of action:

   a. Count One: Objection to Dischargeability under 11 U.S.C. §523(a)(2);

   b. Count Two: Objection to Dischargeability under 11 U.S.C. §523(a)(4); and

   c. Count Three: Objection to Dischargeability under 11 U.S.C. §523(a)(6).

4. The Complaint alleges, among other things, that:

   a. Emilienne N. Brooks ("Emilienne") is debtor Philippe Brooks' mother. Complaint, ¶6.

   b. Emilienne has a long history of mental illness and severe psychiatric disorders and the Debtors were aware of her mental illness and history of psychiatric disorders. Complaint, ¶¶ 8, 10.

   c. Emilienne was a vulnerable person as a result of her mental illness. Complaint, ¶13.

   d. Emilienne resided at residential real property located at 18220 NW 78th Avenue, Miami, Florida 33015 (the "Homestead"). Complaint, ¶11.

e.	Philippe and Jolie resided with Emilienne in the Homestead. Complaint, ¶ 12.

f.	Philippe and Jolie took control of Emilienne's finances and bills and caused Emilienne to become dependent upon them for basic living necessities. Complaint, ¶ 14.

g.	On or about November, 20, 1998, Philippe caused Emilienne to execute a quit claim deed (the "1998 Deed") transferring a ½ interest in her Homestead to Philippe for no consideration. Complaint, ¶ 17.

h.	The 1998 Deed was prepared by Philippe and contained a defect in that it was only witnessed by Philippe.  Complaint, ¶¶ 18, 19.

i.	On or about March 5, 2003, Emilienne allegedly signed a corrective quit claim deed (the "2003 Deed") transferring title to the Homestead to the Debtors and Emilienne. Complaint, ¶ 20.

j.	The Debtors made Emilienne believe that if she did not execute the corrective quit claim deed, the Debtors would leave her alone and refuse to help her.  Complaint, ¶ 21.

k.	On the same date as the 2003 Deed, the Debtors and Emilienne executed a mortgage on the Homestead for $150,000 (the "Mortgage").  Complaint, ¶ 24.

l.	Upon information and belief, the Debtors used the $150,000 proceeds from a loan secured by the Mortgage to purchase real property solely in the Debtors' names and Emilienne did not receive any of such proceeds.  Complaint, ¶¶ 25, 26.

m.	A guardianship case was commenced in the probate court in Miami-Dade County, Case No. 07-0318-GC-02 (the "Guardianship Case") and Anthony Romano was appointed to serve as a limited guardian. Complaint, ¶¶ 29, 32.

n.	 On May 1, 2007, after visiting and speaking with Emilienne, Romano instituted an adversary proceeding in the Guardianship Case, Case No. 07-1827-CP-02 (the "Guardianship Lawsuit") in the Guardianship Case, against Philippe and Jolie for monetary damages alleging that the Debtors exploited an incapacitated adult and used undue influence over her to execute the 2003 Deed. Complaint, ¶¶ 33 – 36.

o.	The Guardianship Lawsuit was settled by agreement (the "Agreement"), in which the Debtors agreed to purchase the Homestead for $300,000. Complaint, ¶ 37.

p.	The Debtors executed a Note in the amount of $100,000 (the "Note") secured by a Mortgage (the "Mortgage") in favor of the Guardianship of Emilienne Brooks. Complaint, ¶ 38.

3

  q.  The Note was a balloon note and called for a single, lump-sum payment on March 17, 2010 in the amount of $104,916.79. Complaint, ¶39.

  r.  Philippe and Jolie have not made any payments on the Note. Complaint, ¶ 40.

 5. On July 19, 2007, the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County (the "State Court") entered the *Order on Petition Approving Settlement Agreement* (the "Order Approving Settlement") in the Guardianship Case. *See* Complaint, Exh. E [ECF No. 1, p. 39].

### *Request for Dismissal by Defendants*

On June 18, 2012, the Debtors filed the Motion to Dismiss seeking dismissal of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, incorporated into this proceeding pursuant to Bankruptcy Rule 7012. Specifically, the Defendants argue that the Agreement and the Probate Court's approval of the Agreement bar the Plaintiff from pursuing the Complaint pursuant to the doctrines of *res judicata* and *collateral estoppel*.

### *Pleading Requirements and Standard for Motion to Dismiss*

"A motion to dismiss under Rule 12(b)(6) Fed. R. Civ. P., made applicable by Rule 7012(b) Fed. R. Bankr.P., tests the sufficiency of a complaint rather than the merits of the case." *In re Carmell*, 424 B.R. 401, 410 (Bankr. N.D. Ill. 2010) (citing *Gibson v. City of Chi.,* 910 F.2d 1510, 1520 (7th Cir.1990)). "All well-pleaded allegations of the complaint are assumed true and read in the light most favorable to the plaintiff." *Id.* (citing *Levy v. Pappas,* 510 F.3d 755, 764 (7th Cir. 2007)). "If the complaint contains allegations from which a trier of fact may reasonably infer that proof will be available at trial, dismissal is improper." *Id.* (citing *Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund,* 25 F.3d 417, 421 (7th Cir.1994)).

Rule 8(a)(2) Fed. R. Civ. P., made applicable by Rule 7008 Fed. R. Bankr. P., generally requires that the pleader provide "a short and plain statement of the claim showing that the

pleader is entitled to relief," giving the defendant "fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). A complaint is plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955). A plaintiff need not include detailed factual allegations, but "the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955 (internal quotations omitted). Plausibility does not require probability, but does require something "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955).

Allegations of fraud must properly be pleaded in some detail in conformance to Rule 9(b) Fed. R. Civ. P., made applicable by Rule 7009 Fed. R. Bankr. P. *In re Carmell*, 424 B.R. at 410 (citing *Borsellino v. Goldman Sachs Group, Inc.,* 477 F.3d 502, 507 (7th Cir. 2007)). Pursuant to Rule 9(b), in "averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *Id.* at 455. "The circumstances of fraud or mistake include the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Id.* (citations omitted).

"The particularity requirement of Rule 9(b) should be read in conjunction with Rule 8(a)'s 'short and plain statement' pleading requirement." *In re Carmell*, 424 B.R. at 411) (citing

*Rezin v. Barr (In re Barr),* 207 B.R. 168, 172 (Bankr.N.D.Ill.1997)). "Thus, it is not necessary that a plaintiff plead each fraudulent detail, so long as the circumstances constituting fraud have been set forth adequately." *Id.* "[T]he who, what, when, and where aspects of the fraud need not be related with exact details in the complaint as a journalist would hope to relate them to general public." *Id.* (*quoting Zamora v. Jacobs (In re Jacobs),* 403 B.R. 565, 573 (Bankr. N.D. Ill. 2009)). "That is, it is only necessary to set forth a basic outline of fraud in order to alert the defendant of the purported fraud he is defending against." *Id.* (citations omitted). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed.R.Civ.P. 9(b). "Moreover, a plaintiff is not required to plead facts as to which they lack access prior to discovery." *Id.* (citing *Barr,* 207 B.R. at 172–73 (*citing Katz v. Household Inter., Inc.,* 91 F.3d 1036, 1040 (7th Cir.1996)).

### *The Complaint States Claims for Which Relief May be Granted*

The Plaintiff's claims against the Debtors are based upon the Debtors' alleged fraud and defalcation of their fiduciary obligations to Emilienne. As discussed herein, because the State Court could not and did not make any findings of fact or conclusions of law regarding the dischargeability of the debt owed to Plaintiff under the bankruptcy laws or whether the Debtors committed fraud at all, neither *res judicata* nor collateral estoppel apply.

#### a. *Plaintiff's Claims Are Not Barred by Res Judicata*

"Under res judicata, also known as claim preclusion, a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001) (citations omitted). "Res judicata may be properly applied only if certain prerequisites are met. In the Eleventh Circuit, a party seeking to invoke the doctrine must establish its propriety by satisfying four initial elements: (1) the prior decision must have been rendered by a court of competent

jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." *Id.* (citing *Israel Discount Bank Ltd. v. Entin*, 951 F.2d 311, 314 (11th Cir.1992); *In re Justice Oaks II, Ltd*., 898 F.2d 1544, 1550 (11th Cir.1990)).

"The court next determines whether the claim in the new suit was or could have been raised in the prior action; if the answer is yes, res judicata applies." *Id.* (citation omitted). "If even one of these elements is missing, res judicata is inapplicable." *Id.* (citation omitted). "At all times the burden is on the party asserting res judicata [ ] to show that the later-filed suit is barred." *Id.* (citing *Thorsteinsson v. M/V Drangur*, 891 F.2d 1547, 1551 (11th Cir.1990)).

The Debtors argue that the Court need not look beyond the Order Approving Settlement in deciding whether the Complaint should proceed. However, "the bankruptcy court is not confined to a review of the judgment and record in the prior state-court proceedings when considering the dischargeability of [a debtor's] debt." *Brown v. Felsen*, 442 U.S. 127, 138 -39 (1979). Further, "the mere fact that a conscientious creditor has previously reduced his claim to judgment should not bar further inquiry into the true nature of the debt." *Brown v. Felsen*, 442 U.S. 127, 138 (1979).

The Court has reviewed the Order Approving Settlement and concludes that it does not contain any findings of fact or conclusions of law related to the accrual of the debt owed to Plaintiff nor does it reflect that the State Court conducted a trial on the merits. Plaintiff asserts in the Complaint that the Debtors breached the Agreement by failing to make payments as required by the Agreement. Accordingly, there was no final judgment on the merits which bars the Plaintiff from proceeding on the Complaint.

In addition, the nondischargeability claims subject of the Complaint and the proceedings giving rise to the Order Approving Settlement are two different actions for purposes of determining whether *res judicata* should apply. The State Court's entry of the Order Approving Settlement is ***not*** the same cause of action as the nondischargeability action subject of the Complaint in this proceeding. The dischargeability of the debt owed to Plaintiff was not at issue in the Guardianship Lawsuit and the Order Approving Settlement did not contain any findings of fact regarding any fraudulent conduct of the Debtors.

### b. *Plaintiff's Claims are Not Barred by Collateral Estoppel*

"Collateral estoppel, or issue preclusion, bars relitigation of an issue previously decided in judicial or administrative proceedings if the party against whom the prior decision is asserted had a 'full and fair opportunity' to litigate that issue in an earlier case." *In re St. Laurent,* 991 F.2d 672, 675 (11th Cir. 1993) (citing *Allen v. McCurry*, 449 U.S. 90, 95, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980)). "Under Florida law, the following elements must be established before collateral estoppel may be invoked: (1) the issue at stake must be identical to the one decided in the prior litigation; (2) the issue must have been actually litigated in the prior proceeding; (3) the prior determination of the issue must have been a critical and necessary part of the judgment in that earlier decision; and (4) the standard of proof in the prior action must have been at least as stringent as the standard of proof in the later case." *St. Laurent* at 676 (citations omitted).

### i. *Issue Was Not Litigated in Probate Court*

A plain reading of the Agreement and the order approving the Agreement indicate there was no trial or other proceeding in the State Court where the issues subject of the Guardianship Lawsuit were actually litigated before the State Court. The Agreement and the Order Approving Settlement reflect that any litigation was avoided in favor of the Agreement.

Further, there are no specific findings relating to any of the counts subject of the Guardianship Lawsuit that would demonstrate the issue of fraud or dischargeability was actually litigated and ruled upon by the State Court. Therefore, the Court cannot find that the issues were actually litigated as it is not clear which facts and which causes of action were considered by the State Court when it entered the Order Approving Settlement. *See In Re Labidou*, 2009 WL2913484, *6 (Bankr. S.D. Fla. 2009) ("Where the complaint in a prior proceeding contains multiple causes of action, but the final judgment awards only a single monetary amount without designating the cause of action to which the award relates or specifying a basis for the award, it cannot be known whether any particular cause of action was "essential" to the final judgment"). Because there was no actual litigation on the issues, the second element of collateral estoppel cannot be met.

### ii. Findings of Fraud Were Not "Critical and Necessary" to Approval of the Agreement by the Probate Court

"To apply the doctrine of collateral estoppel under Florida law, it must be shown that an issue was a 'critical and necessary' part of the judgment entered in the prior proceeding. Although this 'critical and necessary' element has not been well-defined, it appears to mean that the factual finding was essential to the ultimate decision in the prior case, and that the judgment could not have been entered without it." *In re Green*, 262 B.R. 557, 567 (Bankr. M.D. Fla. 2001). "Florida courts are reluctant to invoke the doctrine of collateral estoppel in actions seeking damages for fraud, unless the court in the prior proceeding clearly set forth its findings with respect to the fraudulent conduct." *In re Green*, 262 B.R. 557 (Bankr. M.D. Fla. 2001) (citing *Regal Marble, Inc. v. Drexel Investments, Inc.*, 515 So.2d 1015, 1016 (Fla. 4th DCA 1987).

Here, the State Court approved the Agreement without making any findings of fact or conclusions of law as to the allegations subject of the Guardianship Lawsuit. Neither the Agreement nor the Order Approving Settlement included any findings or stipulations of fact relating to any alleged fraud of the Debtors. Therefore, a determination of the allegations of fraud do not appear to have been "critical and necessary" to the Probate Court's approval of the Agreement.

The Defendants having failed to meet their burden of demonstrating that *res judicata* or collateral estoppel applies to bar the Complaint in this proceeding, it is

**ORDERED AND ADJUDGED** that the Motion to Dismiss is **DENIED**. Defendants shall file an answer to the Complaint within fourteen (14) days of the entry of this Order.

# # #

Submitted by:
Grace E. Robson, Esq.
Markowitz, Ringel, Trusty & Hartog, P.A.
*Counsel to Plaintiff*
101 NE Third Avenue, Suite 1210
Fort Lauderdale, FL 33301
Tel: (954) 767-0030

Copies to:
Grace E. Robson, Esq.
*(Attorney Robson is directed to mail a copy of this Order to all interested parties and to file a certificate of service).*